7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alvino S. CHACON, Petitioner-Appellant,
v.
Eloy MONDRAGON, Respondent-Appellee.
 No. 92-2261.
 United States Court of Appeals, Tenth Circuit.
 Oct. 4, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Alvino Chacon appeals the dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254. Petitioner argues (1) that the prosecutor's closing remarks included a comment on petitioner's failure to testify, which violated his Fifth Amendment right against self-incrimination; (2) that a highly suggestive out-of-court identification was conducted in violation of his right to due process; and (3) that he was denied effective assistance of counsel when his attorney failed to call certain alibi witnesses. Although petitioner argued in the district court that his Fourth Amendment rights had been violated, he did not raise this issue on appeal.
 
 
 4
 Petitioner was convicted after a jury trial of aggravated burglary and larceny of property having a value in excess of $2,500. His convictions followed testimony by four eyewitnesses who stated that they observed petitioner break into a sporting goods store, and testimony that the stolen rifles, with price tags, were discovered in plain view in the back seat of his car. The break-in occurred on a busy street, in a well-lighted area, in front of a number of people. The prosecutor also presented evidence that petitioner and his codefendant were intoxicated and that they had announced to a crowd of people their intention to break into the store.
 
 
 5
 The next day, the police asked one of the eyewitnesses whether he recognized petitioner. The witness identified petitioner as one of the participants in the break-in. At trial, defense counsel elected to pursue an intoxication defense rather than calling several witnesses who allegedly would have testified that petitioner was drinking at a bar when the break-in occurred. In responding to this intoxication defense, the prosecution argued to the jury that "we've heard nobody get up and say, 'I was drunk out of my mind.' No-o-o-o."
 
 
 6
 The magistrate judge found that petitioner was not entitled to relief because (1) the prosecutor's remark would not have been taken as a comment on petitioner's failure to testify, and even if it were, the comment was harmless in light of the overwhelming evidence against him; (2) although an unnecessarily suggestive identification procedure was used, the totality of the circumstances demonstrated that the eyewitness' identification was reliable; and (3) petitioner's attorney's decision not to employ an alibi defense was one of trial strategy, and, in light of the evidence, was not unreasonable. We have reviewed the briefs and the record and are satisfied that the magistrate judge accurately summarized the facts and correctly applied the law. We cannot add significantly to the analysis in the magistrate judge's recommendation of September30, 1992, which was adopted by the district court, and therefore AFFIRM for substantially the reasons stated therein.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation